# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

COREY LARKINS,

      Plaintiff,                       Case No. 10-CV-12489-MAG-MKM

v.                                         Hon. Mark A Goldsmith

STAPLES, INC.,

      Defendant.

| C&G SOLUTIONS P.L.C. | SEYFARTH SHAW LLP |
|---|---|
| Jehan Crump-Gibson | William F. Dugan (IL6229172) |
| 15 W. Fort Street #301 | Kathryn S. Clark (IL6289232-not sworn) |
| Detroit, MI 48226 | 131 South Dearborn St., Suite 2400 |
| (888) 315-5793 | Chicago, Illinois 60603 |
| E-mail: crumpgibsonj@cg-legal-solutions.com | (312) 460-5000 |
| | E-mail: wdugan@seyfarth.com |
| *Attorney for Plaintiff* |         kclark@seyfarth.com |
| | VERCRUYSSE MURRAY & CALZONE, P.C. |
| | Gregory V. Murray (P29411) |
| | 31780 Telegraph Rd., Suite 200 |
| | Bingham Farms, MI 48025 |
| | (248) 540-8019 |
| | E-mail: gmurray@vmclaw.com |
| | *Attorneys for Defendant* |

## AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(1), it is hereby ordered that:

Plaintiff Corey Larkins and Defendant Staples The Office Superstore East, Inc. ("Staples")[1] (collectively the "Parties"), by their respective attorneys, stipulate as follows:

    1.     The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential and/or proprietary information of both parties. Materials and

---

[1] Defendant Staples The Office Superstore East, Inc. is incorrectly identified in the Complaint as "Staples, Inc."

information protected by this Order will hereafter be referred to as "Confidential Materials." Confidential Materials shall include the following:

      a.      personnel information and records relating to current and former employees of Defendant other than Plaintiff, including job descriptions, earnings information, tax information, medical records and information, beneficiary information, financial information, contact information social security numbers, offer letters, dismissal letters, performance reviews, performance improvement plans, disciplinary and termination documents, and the contents of any personnel file;

      b.      information relating to the conduct of Defendant's business of a sensitive or proprietary nature, including trade secrets, operational details, information relating to Defendant's business strategy policies, practices, or research;

      c.      non-publicly available documents or information regarding any claim or allegation relating to any form of discrimination or retaliation from any current or former employee of Defendant; and

      d.      any documents that the parties mutually agree to designate as confidential.

2. In order for the materials to receive confidential treatment, the parties may designate any document and/or information provided in discovery as "Confidential" by clearly and conspicuously marking it with the word "Confidential," or in the case of deposition or hearing testimony, indicating on the record that some or all of the testimony is "Confidential."

3. As used herein, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Materials, and the restrictions contained herein regarding disclosure of Confidential Materials shall also apply with equal force to any excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Materials or information contained therein.

4.	During the pendency of this litigation, Confidential Materials shall be retained solely in the custody of the parties' attorneys and shall not be placed in the possession of, or disclosed to, any other person, except as set forth in paragraph 6 below, as otherwise agreed upon by the parties, or upon leave of Court.  Confidential Materials contain sensitive information and shall be utilized only for the purpose of this litigation. Any person shown Confidential Material must be told of its confidential nature and must agree in writing to keep it confidential. The written agreement shall be in the form of the Confidentiality Agreement attached hereto as <u>Attachment A</u>.  All parties shall retain any such agreements and make them available to opposing counsel upon request.

5.	Within 120 days after the completion of this litigation (including exhaustion of appeals), all Confidential Materials, and all copies thereof, shall be returned to the producing party or opposing counsel shall certify in writing that all such materials have been destroyed or placed in secure storage.

6.	As exceptions to the general prohibition on disclosure of Confidential Materials:

   a.	Confidential Materials may be used by the parties, their attorneys, and clerks, paralegals, secretaries and other support staff in the employ of such attorneys but only for the purpose of prosecuting or defending this case;

   b.	Witnesses or potential witnesses may review their own records;

   c.	Witnesses or potential witnesses may review Confidential Materials which they prepared or which were distributed to them in the normal course of Defendant's business;

   d.	Confidential Materials may be used in all pretrial discovery proceedings, such as depositions, and may be filed in Court, such as in support of or in opposition to summary judgment, without having to be placed under seal;

   e.	Confidential Materials may be reviewed by an expert witness or consultant expressly employed or retained by counsel or a party to this litigation to whom it is necessary to disclose Confidential Materials for the purpose of prosecuting or defending this litigation; and

    f. Confidential Materials may be used in all other pretrial proceedings, at trial and on appeal of this case.

  7. Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client.

  8. Any person or entity to whom Confidential Materials are disclosed in accordance with this Protective Order may use that Confidential Material solely in connection with the prosecution or defense of this litigation, and shall not disclose such Confidential Materials to any other person or entity (except as permitted above) or use such information for any other purpose in violation of the terms of this Order.

  9. Plaintiff, Defendant, and/or anyone acting on their behalf may not voluntarily disclose any Confidential Materials to any state or federal law enforcement or regulatory agency, or any employee agent thereof, except as otherwise commanded by law or provided in this Order.

  10. This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

  11. This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

  12. Nothing shall prevent disclosure beyond the terms of this Order if both parties consent to such disclosure, or if the Court, after notice to both parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Materials beyond the terms of this Order, that party shall provide the other party with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with

respect to the disclosure of any Confidential Materials, then a party may petition the Court for a determination of these issues.

13. The Court retains final authority to determine what is or is not a "Confidential" document and to remove the "Confidential" designation from any document governed by this Order as necessary to protect the public interest.

IT IS SO ORDERED.

Dated: December 9, 2010  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 9, 2010.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager


AGREED TO BY:


/s/ Jehan Crump-Gibson (*with consent*)
Attorney for Plaintiff Corey Larkins


/s/ Kathryn S. Clark
Attorney for Defendant Staples The Office Superstore East, Inc.

# ATTACHMENT A

I have read the attached Protective order and understand my obligation to be bound by the terms of this Order. I agree not to disclose the contents of the materials designated as "Confidential" to any individuals or entities other than those identified in Paragraph 6 of the Order.

_____                           _____
Date                                      Name

                                          _____
                                          Title